# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **LEO C. STEVENS,** | : | **CRIMINAL ACTION NO.** |
| Movant, | : | **1:11-cr-40-ODE-AJB-1** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **MOTION TO VACATE PLEA** |
| Respondent. | : | **AND ILLEGAL SENTENCE** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Now before the Court are Movant's Motion and Memorandum to Vacate Plea and Illegal Sentence, [Doc. 45], and the Government's response, [Doc. 53]. For the reasons set forth below, it is **RECOMMENDED** that Movant's motion be **DISMISSED** for lack of jurisdiction.

## I. Background

On June 14, 2011, Movant "pleaded guilty to two counts of access device fraud, five counts of aggravated identity theft, and two counts of Hazardous Materials Transportation Act [HMTA] violations." [Doc. 53 at 2; *see* Doc. 1 (indictment), Doc. 23 (guilty plea Minute Sheet)]. On November 10, 2011, Movant received four concurrent sentences of 57 months' imprisonment for access device fraud (counts one and two) and for the HMTA violations (counts eight and nine), and two consecutive

sentences of 24 months' imprisonment for aggravated identity theft (counts three through seven), yielding a total sentence of 105 months' imprisonment. [Doc. 37]. On November 22, 2011, Movant timely appealed his convictions and sentences. [Doc. 38]. That appeal is still pending. [*See, e.g.*, Doc. 58].

## II.     The Motion to Vacate Plea and the Response

In his motion to vacate his plea and illegal sentences, which he filed on January 5, 2012, Movant "moves to strike the 48 months sentence pursuant to Counts Three through Seven [for aggravated identity theft] as an illegal sentence and the result of a plea which was not knowingly and intelligently rendered." [Doc. 45 at 1]. Citing *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), Movant argues that because the government did not prove that he knew that the identification information that he used belonged to a real person, he cannot be guilty of aggravated identity theft. [*Id.* at 2-6]. "The gravamen of [his] argument is that it was not established that there was any factual basis in the record to conclude that [he] knew at the time that he misused the credit cards that they belonged to a (real) person." [*Id.* at 6].

The government responds that this Court lacks jurisdiction over Movant's motion because his direct appeal is still pending before the Eleventh Circuit. [Doc. 53 at 1, 3-

2

AO 72A (Rev.8/82)

5]. The government notes that Movant does not contest the 57-month sentence he received for his other crimes, "[h]e thus does not claim a right to immediate release, and his appeal will surely be resolved by the time he has served the uncontested 57-month portion of his sentence." [*Id.* at 4-5]. The government also argues that Movant's motion fails on the merits. [*Id.* at 5-10]. The government, however, seeks only dismissal of the motion without prejudice, for lack of jurisdiction. [*Id.* at 11]. Movant has not replied to the government's response.

### III. Discussion

It is undisputed that when Movant filed his motion to vacate his guilty plea and sentences for aggravated identity theft, his direct appeal was still pending in the Eleventh Circuit, wherein he seeks relief from his November 2011 judgment of conviction. Under these circumstances, this Court lacks jurisdiction over the motion.

"The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). The *Khoury* Court concluded that when appellant "filed a motion for post-conviction relief [in the district court] . . . after he had filed a notice of appeal[, t]he district court [properly] denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal." *Id.*; *see*

AO 72A
(Rev.8/82)

*also United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001) ("conclud[ing] that the district court lacked jurisdiction to consider and rule on [appellant's] § 2255 motion during the pendency of her direct appeal of her sentence, and therefore . . . [the Eleventh Circuit vacated without prejudice] the district court's order denying [her] § 2255 motion . . . [to preserve her] right to file a § 2255 motion after the disposition of her direct appeal"); *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990) (noting that "this circuit [has] established that [a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot" (internal quotations omitted)).

Moreover, "[i]t is settled law that the appeal of a judgment in a criminal case deprives the district court of jurisdiction to amend the judgment . . . ." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003); *see also United States v. Miller*, 432 Fed. Appx. 952, 952, 954 (11th Cir. June 30, 2011) (noting that "because [appellant] had already filed a direct appeal of his sentence and conviction and [the Eleventh Circuit] had not remanded the case to the district court for a ruling on [his] motions [to vacate his plea agreement and withdraw his guilty plea], the district court lacked jurisdiction to grant [the] motion[s]") (citing Fed. R. App. P. 12.1(a) ("If a

4

timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.") and Eleventh Circuit Rule 12.1-1(a) ("A party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in [the Eleventh Circuit] to stay the appeal until the district court rules on the motion before it.")). There is no indication in the record that Movant has filed the appropriate motion in the Eleventh Circuit to stay his appeal to allow this Court to rule on his motion to vacate his plea and sentences for aggravated identity theft.[1] Nor

---

[1] Moreover, Movant raises no substantial issue and his motion to vacate his plea and sentence would not be granted even if it were properly before this Court. At Movant's guilty plea hearing, the government stated as one of the elements of aggravated identify theft that Movant "*knowingly* transferred, possessed or *used another person's* means of identification," [Doc. 46 at 13 (emphasis added)], and included the following in its recitation of facts that it would present at Movant's trial:

> We would have agents testify that they . . . got receipts for [the] purchases [Movant made with stolen credit card numbers], and that way they were able to identify the credit cards that were used, . . . and we'd have [testimony] that those cards had been compromised, and the victims on those cards will testify that they hadn't authorized the purchases, and in fact the five that are identified in the aggravated identity theft counts all live in Oklahoma and had not been to Georgia, didn't know [Movant], and those cards had been compromised at a restaurant in Oklahoma.

5

AO 72A
(Rev.8/82)

has Movant presented any "extraordinary circumstances" to warrant consideration of his motion during the pendency of his appeal. *See Khoury*, 901 F.2d at 976 n.1. Accordingly, this Court lacks jurisdiction over Movant's motion to vacate his plea and sentences.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the District Court **DISMISS WITHOUT PREJUDICE** Movant's Motion and Memorandum to Vacate Plea and Illegal Sentence, [Doc. 45], for lack of jurisdiction because Movant's direct appeal is still pending.

---

> At many of the gas pumps [Movant] was required to enter a zip code at the pump to make it work which we would say is evidence that he knew these were real people that he was stealing the identities of which is one of the factors of the aggravated identity thefts.

[*Id.* at 16-17]. Movant acknowledged that the foregoing was correct and that he had "defraud[ed] the people whose credit cards [he was] using." [*Id.* at 18-19]. Accordingly, Movant's claim that he unknowingly pleaded guilty to crimes he did not commit because he did not know that he was using the credit cards of real people is without merit.

6

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 27th day of August, 2012.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)