FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAR 2 5 2014

James N. Hatten, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LEO C. STEVENS,<br>Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0040-ODE-AJB |
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL FILE NO. |
| Respondent. | : | 1:13-CV-2271-ODE-AJB |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's motion for plain error review, (Doc. 67), and his 28 U.S.C. § 2255 motion that challenges the constitutionality of his convictions and sentences entered in this Court under the above criminal docket number, (Doc.68), the Final Report and Recommendation issued by United States Magistrate Judge Alan J. Baverman, (Doc. 77), Movant's motion for an extension of time in which to file objections, (Doc. 79), and Movant's objections, (Doc. 80). For good cause shown, Movant's motion for an extension of time, (Doc. 79), is **GRANTED** nunc pro tunc.

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

AO 72A
(Rev.8/82)

§ 636(b)(1).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I.   Discussion

Represented by Nicole Kaplan, Movant pleaded guilty to two counts of access device fraud in violation of 18 U.S.C. §§ 1029(a)(2), five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and two counts of illegally transporting hazardous materials in violation of 49 U.S.C. § 5124. (See Doc. 37 at 1.) The Court imposed a total sentence of 105 months. (Id. at 2.)  Movant appealed and argued that his sentence was substantively unreasonable.  See United States v. Stevens, 502 F. App'x 878, 879 (11th Cir. 2012).  On December 21, 2012, the

2

Eleventh Circuit Court of Appeals disagreed and affirmed the judgment against Movant. Id. at 880.

Movant then filed his current § 2255 motion and motion for plain error review in which he has asserted the following grounds for relief, as summarized by the Magistrate Judge:

1.   Pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013), the Court's application under the Guidelines of eight-point enhancements for the aggravated identity theft crimes and two-point enhancements for all crimes violated the Sixth Amendment to the U.S. Constitution because the facts underlying those enhancements were not established in the indictment or found by a jury;

2.   Movant is actually innocent of the aggravated identity theft crimes because Respondent presented no evidence that Movant knew the credit card information he used belonged to real people, as required by Flores-Figueroa [v. United States, 556 U.S. 646 (2009)];

3.   The Court erred by applying the Guidelines enhancement for fifty or more victims because there was no PIR [(Presentence Investigation Report)] and Respondent presented no evidence of the number of victims, as required by United States v. Washington, 714 F.3d 1358 (11th Cir. 2013); and

4.   Kaplan rendered ineffective assistance by not raising grounds two and three, above.

(Doc. 77 at 6-7.)

3

The Magistrate Judge recommends that Movant's motion for plain error review, § 2255 motion, and a COA be denied, and Movant objects.  (Docs. 77, 80.)

**A.      Grounds One through Three and an Evidentiary Hearing**

The Magistrate Judge recommends that an evidentiary hearing is not required and that Movant's claims of trial error in Grounds One through Three, which he did not raise on direct appeal, fail because they are procedurally defaulted and Movant has not overcome his default.  (Doc. 77 at 9-11, 13, 15-16.)  On Ground One, the Magistrate Judge alternatively notes that Alleyne does not apply retroactively on collateral review.  (Doc. 77 at 11.)  On page thirteen of the recommendation, the Magistrate Judge states that he will address as part of Ground Four Movant's Ground Three claim of ineffective assistance of counsel.  (Id. at 13.)

Movant objects to the Magistrate Judge's discussion on procedural default and asserts that procedural default does not apply to ineffective assistance of counsel claims.  (Doc. 80 § 1.)  Movant objects without specificity to the finding that an evidentiary hearing is not required.  (Id. § 2.)  Movant objects to the Magistrate Judge's finding that Alleyne does not apply retroactively but admits that he has been unable to access the cases cited by the Magistrate Judge.  (Id. § 3.)  Movant objects to the Magistrate Judge's finding that Ground Two is procedurally defaulted, but does

4

not address the Magistrate Judge's legal reasoning on the matter.[1]  (Id. § 4.)  Movant

objects that in addressing Ground Three on page thirteen of the Recommendation, the

Magistrate Judge "defends" counsel.  (Id. § 5.)

Movant's first objection fails because the Magistrate Judge did *not* find that

Movant's ineffective assistance of counsel claims were procedurally defaulted.  As to

Movant's general objections on the issue of an evidentiary hearing, the applicability

of Alleyne, and the procedural default of Ground Two, the Court observes no clear

error in the Magistrate Judge's findings.  Additionally, the Court has reviewed and

approves the Magistrate Judge's recommendation that Alleyne does not apply

retroactively on collateral review.  Movant's objection to page thirteen of the Report

and Recommendation is unclear, and the Court finds no error in the Magistrate

Judge's stated intention to address in Ground Four Movant's Ground Three ineffective

assistance claim.

## B.   Ground Four

At sentencing, Kaplan withdrew any objection to the number of victims

involved.  (Doc. 47 at 2.)  In his § 2255 motion, Movant claims that counsel

---

[1]Movant cites United States v. Rodriguez, 732 F.3d 1299 (11th Cir. 2013), and
United States v. Lopez, No. 12-15703, 2013 WL 6570075 (11th Cir. Dec. 13, 2013).
Those cases, however, do not deal with the doctrine of procedural default.

performed ineffectively in regard to, among other things, the number of victims for which he was held responsible at sentencing. (Doc. 68 at 8-9.)

The Magistrate Judge recommends that Movant's ineffective-assistance-of-counsel claim fails on its merits. (Id. at 15-19.) On counsel's assistance regarding the number of victims, the Magistrate Judge found as follows.

> Movant has presented nothing to show that no competent lawyer would have decided, as Kaplan did, to withdraw an objection to the PIR's finding that there were at least fifty victims of Movant's crime. It was reasonable for Kaplan not to argue, as Movant does, that only the banks who issued the credit cards, and not the individual people to whom the cards were issued, could be victims. The Guidelines define "victim" in cases involving fraudulent use of credit cards to include "any individual whose means of identification was used unlawfully or without authority." Guidelines § 2B1.1, app. n. 4(E). Indeed, "[a] victim is any person – including individuals, corporations, and companies – who sustained any part of the actual loss." United States v. Morris, 153 F. App'x 556, 559 (11th Cir. 2005) (quotation marks omitted) (holding, in case involving stolen credit cards used to purchase merchandise for resale, that this Court did not err in counting individuals for victim enhancement despite the PIR listing a credit card issuer as the only victim).
>
> Nor has Movant shown that no competent lawyer would have failed to object to there being at least fifty victims of Movant's crimes. Movant identifies no basis for Kaplan to have argued that there were less than fifty victims or that the PIR's contrary finding was wrong.[] (See Docs. 67, 68, 75.)
>
> Even if Movant had shown that Kaplan was constitutionally deficient by not objecting to the victim enhancement, he has not shown

6

that he was prejudiced by her failure to object or to raise the issue on appeal. The victim enhancement increased the Guidelines range slightly, but the Court was not bound to sentence Movant within the Guidelines range because the Guidelines are advisory. The Court sentenced Movant at the very top of the Guidelines range for the non-identity theft crimes and sentenced him to twice the minimum term of imprisonment for the identity theft crimes. The Court did so because of Movant's extensive criminal record, including several convictions for fraud crimes; the seriousness of "the instant criminal conduct" in this case; and the need to deter Movant from continuing to engage in the same type of criminal activity. [Sent Tr. at 17-18.] In fact, the Court found it "easy to persuade me based on your record . . . [of] a real history here of fraud type conduct going way back" that a long prison sentence is necessary "to teach you better than prior sentences have that you cannot continue this life of fraud." [Id.] Movant has not shown a reasonable probability that his sentence would have been lower if the enhancement for at least fifty victims had not been applied.

Movant also has not shown a reasonable probability that he would [have] prevailed on appeal if Kaplan had raised the victim enhancement issue there. Movant would have had to show on appeal that it was plain error to apply the enhancement because he did not object to it in this Court. See United States v. Phillips, 287 F.3d 1053, 1054-55 (11th Cir. 2002). That is a demanding standard that requires the defendant to show plain error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceeding. Id.

The appellate court agreed with this Court that Movant's crimes were serious and "resulted in significant financial loss and impacted many victims." Stevens, 502 F. App'x at 880. The appellate court also agreed that the sentence needed to be lengthy to deter Movant "because, as the district court noted, previous shorter prison sentences for similar fraudulent conduct had clearly not deterred [him] from his fraudulent conduct." Id. And the Court's decision to impose twice the minimum sentence for the aggravated identity theft crimes "was clearly reasonable"

given the seriousness of those crimes and Movant's "extensive history of fraudulent conduct." Id. Movant has not shown that despite that view of the record in this case the appellate court would have found plain error in the Court's application of the enhancement for at least fifty victims had Kaplan raised the issue on appeal.

In short, Movant has not shown that Kaplan rendered ineffective assistance with regard to ground three of his § 2255 motion. Movant thus has not shown cause and prejudice for defaulting ground three and is not entitled to relief on his independent claim of ineffective assistance.

(Doc. 77 at 15-18.)

Movant objects to the Magistrate Judge's failure to analyze counsel's assistance in light of Rodriguez and Lopez. (Doc. 80 § 6.)

In Rodriguez, the Eleventh Circuit determined on direct appeal that a sentence enhancement based on the number of victims must be supported by more than an unauthenticated summary chart of the victims. Id. at 1305. In Lopez, the Eleventh Circuit determined on direct appeal, for purposes of a sentencing enhancement based on identity fraud, that victims are those whose information has been actually used. Id. 2013 WL 6570075, at *2. Thus, it appears that Movant intends to argue that counsel was ineffective for failing to argue that the evidence was insufficient to show fifty or more victims or show the actual use of stolen identity information. Movant, however, does not explain how or why the evidence was insufficient to make such a showing.

8

Moreover, Movant fails to raise any viable objection to the Magistrate Judge's detailed and well-reasoned application of the relevant standard for ineffective assistance of counsel claims.  On review, the Court finds no error in the Magistrate Judge's recommendation.

### C.   Certificate of Appealability

The Magistrate Judge recommends that a COA should be denied.  (Doc. 77 at 19.)  Movant asserts that the Magistrate Judge's failure to recommend a COA is totally wrong because "Rodriguez and Lopez both approved an appeal on the exact same issues."  (Doc. 80 § 7.)  As indicated in the above discussion, Rodriguez and Lopez do not inform the issue of procedural default, and Movant's reliance on those cases is insufficient to bring into question the Magistrate Judge's conclusion on counsel's assistance.  The Court agrees with the Magistrate Judge that a COA is unwarranted.

## II.   Conclusion

For the reasons stated above, Movant's objections fail.  The Court otherwise has reviewed the Report and Recommendation for clear error and finds none.

**IT IS ORDERED** that Movant's motion for an extension of time in which to file objections, (Doc. 79), is **GRANTED** nunc pro tunc.

9

**IT IS FURTHER ORDERED** that Movant's objections, (Doc. 80), are **OVERRULED**; that the Final Report and Recommendation, (Doc. 77), is **ADOPTED** as the Order of the Court; that Movant's motion for plain error review, (Doc. 67), and 28 U.S.C. § 2255 motion, (Doc. 68), are **DENIED**; and that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 25 day of March, 2014.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

10